ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. State Bar No.: 239351)
Assistant United States Attorney
Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359
     Facsimile: (213) 894-6436
     E-mail:  mark.a.williams@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. **CR11-0181** |
|---|---|
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> |
|  | ) <u>JAMES LEMUS</u> |
| v. | ) |
| JAMES LEMUS, | ) |
| Defendant. | ) |

1.   This constitutes the plea agreement between defendant JAMES LEMUS ("defendant"), and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities, and is subject to the approval of the Department of Justice, Tax Division.

///

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a) Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

h) If the Court so orders, pay any additional taxes, interest, and penalties that he owes to the United States, which may be in addition to the statutory maximum fine stated below.

///
///

i) If defendant is sentenced to a term of probation, to perform 200 hours of community service during the probationary period as a condition of probation.

### DEFENDANT'S OBLIGATIONS: PAYMENT OF TAXES OWED

3. Defendant further agrees to cooperate fully with the USAO and the Internal Revenue Service, which requires defendant to:

a) Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

b) Cooperate with the IRS in the civil examination, determination, assessment, and collection of income taxes related to his 2003 through 2007 income tax returns and any related corporate/entity tax returns, and further agrees not to conceal, transfer, or dissipate funds or property that could be used to satisfy such taxes, penalties, and interest.

c) Sign Closing Agreements with the IRS prior to the time of sentencing for the years 2003 through 2007, correctly reporting income and deductions for those years. Further, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the Closing Agreements, and to pay all additional taxes, penalties, and interest assessed by the Internal Revenue Service, as well as any additional amounts determined by the Internal Revenue Service to be owing, prior to the time he is sentenced by the Court.

d) Because defendant agrees that he is liable for the penalty imposed by the Internal Revenue Code, pursuant to 26

U.S.C. § 6651(f), on the taxes set forth in paragraph 10 below for the years 2003 through 2007, defendant agrees that a civil penalty under 26 U.S.C. § 6651(f) may be assessed against him.

e) Give up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

f) Nothing in this agreement shall preclude or bar the Internal Revenue Service from the assessment and/or collection of any additional tax liability, including interest and penalties, determined to be due and owing from defendant by the Internal Revenue Service, for the years 2003 through 2007, as set forth in the subject Closing Agreements.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

a) Not contest facts agreed to in this agreement.

b) Abide by all agreements regarding sentencing factors contained in this agreement.

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

///
///

## NATURE OF THE OFFENSE

5. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, which charges a violation of Title 26, United States Code, Section 7201, the following must be true: (1) defendant owed federal income tax for the calendar year 2003; (2) defendant knew that he owed federal income tax for the calendar year 2003; (3) defendant made an affirmative attempt to evade or defeat the assessment of such income tax for the calendar year 2003; and (4) in attempting to evade or defeat the assessment of such tax for the calendar year 2003, defendant acted willfully. Defendant admits that defendant is, in fact, guilty of the offense as described in the single-count information.

## PENALTIES AND RESTITUTION

6. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7201 is: five years imprisonment; a three-year period of supervised release; a fine of ~~$250,000~~ $100,000 or twice the amount of gross gain or gross loss resulting from the offense; and a mandatory special assessment of $100. However, defendant understands that the Court may order defendant to pay any additional taxes, interest, and penalties that he owes to the United States as a result of defendant's conviction, which may be in addition to the statutory maximum fine stated above.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the

5

conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that by entering a guilty plea defendant waives any claim that unexpected

immigration consequences may render defendant's guilty plea invalid.

## FACTUAL BASIS

10. Defendant and the USAO agree to the statement of facts provided below. Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

a) During the 2003 tax year, defendant owned and operated his sole proprietorship, Lemus Medical Center ("LMC"), in Commerce, California. During that time period, LMC provided physicals and drug testing to truck drivers as required by the Department of Transportation. Defendant required most of those truck drivers to pay for the testing in cash. In 2003, defendant received approximately $88,663 in cash from performing these drug tests. However, in order to conceal the cash receipts from the Internal Revenue Service ("IRS"), defendant knowingly failed to report that cash to the IRS.

b) Defendant knew that he had received substantial taxable income during 2003, namely $88,663 in cash, and that he was required to file a U.S. Individual Tax Return, Form 1040, reporting his taxable income, including the cash he received, and pay the taxes that were due. Defendant willfully attempted to evade and defeat the assessment and payment of such tax by

1  willfully failing to report the cash he received on his 2003
2  Federal Income Tax Return.
3         c) Defendant acted for the purpose of evading his
4  duties under the tax laws and not as a result of accident or
5  negligence. Defendant's actions resulted in an additional tax
6  due and owing to the IRS of $20,626 for 2003.

                        SENTENCING FACTORS

8     11.  Defendant understands that in determining defendant's
9  sentence the Court is required to consider the factors set forth
10 in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence
11 and sentencing range established under the Sentencing Guidelines.
12 Defendant understands that the Sentencing Guidelines are advisory
13 only, that defendant cannot have any expectation of receiving a
14 sentence within the Sentencing Guidelines range, and that after
15 considering the Sentencing Guidelines and the other § 3553(a)
16 factors, the Court will be free to exercise its discretion to
17 impose any sentence it finds appropriate up to the maximum set by
18 statute for the crime of conviction.

19    12.  Defendant and the USAO agree to the following
20 applicable Sentencing Guidelines factors:

21    Base Offense Level       :   12    [U.S.S.G. §§ 2T1.1(a)(1),
                                          2T4.1(D)]

23    Specific Offense
      Characteristics

24    Failure to report
      source of income
25    exceeding $10,000        :   +2    [U.S.S.G. § 2T1.1(b)(1)]

26    Acceptance of
      Responsibility           :   -2    [U.S.S.G. § 3E1.1(a)]
27    ─────────────────────────────────────────────────────
28    Total Offense Level :        12

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the conditions set forth in paragraphs 2 and 3 are met. Subject to paragraph 24 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of an attorney at trial, including the right to have the Court appoint an attorney to

represent defendant at trial. Defendant understands, however, that, despite defendant's guilty plea, defendant retains the right to be represented by an attorney -- and, if necessary, to have the Court appoint an attorney if defendant cannot afford one -- at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right to testify on defendant's own behalf and present evidence in opposition to the charges, including calling witnesses and subpoenaing those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

    h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, claims or defenses regarding the statute of limitations, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

///

///

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 16 months imprisonment, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) any fine imposed by the Court, provided it is within the statutory maximum; (d) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (e) any of the following conditions of probation or supervised release imposed by the Court: the standard conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any community service ordered by the Court.

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, and (b) the Court imposes a term of imprisonment of no less than 10 months imprisonment, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

19. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then: (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the

11

USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be

able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c) Defendant agrees that (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach), (ii) the agreed to factual basis statement in this agreement, and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

///
///

## COURT AND PROBATION OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court; (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations; and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a

binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## ADDITIONAL AGREEMENTS

26. Defendant understands that, other than the two statute of limitations tolling agreements entered into by the USAO, defendant, and defendant's attorney, there are no other promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____  1/28/11
MARK A. WILLIAMS                 Date
Assistant United States Attorney

_____  1/28/11
JAMES LEMUS                      Date
Defendant

_____  1/28/11
MARVIN RUDNICK                   Date
Attorney for Defendant
JAMES LEMUS

15

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     _____
JAMES LEMUS                          Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am JAMES LEMUS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          1/28/11
MARVIN RUDNICK                           Date
Attorney for Defendant
JAMES LEMUS